UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:12-CR-2-TAV-HBG-3 |
| | ) | 3:12-CR-96-TAV-HBG |
| ARTHUR ALAN SHAVER, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on defendant's pro se motions requesting judicial recommendation for placement in a Residential Re-entry Center ("RRC") [Doc. 114, 3:12-CR-2-3; Doc 24, 3:12-CR-96]. Specifically, defendant requests that he be able to spend the last twelve months of his federal sentence in a RRC, also known as a halfway house. In support of his motion, defendant notes that he is still young and able to rejoin law-abiding society if he receives the comprehensive rehabilitation benefits of an RRC placement. He has participated in many programs "in an attempt to prepare for his release and aid in his rehabilitation" [*Id.*].

Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons, to be determined on an individual basis upon consideration of several factors, including "any statement by the court that imposed the sentence. . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C.

§ 3621(b)).  Typically, because the Bureau of Prisons is in a superior position to determine the appropriate time and manner of community reentry, the Court declines a defendant's invitation to make any specific recommendation on this type of matter.  However, upon review of the record in this case, request, the Court will **GRANT** defendant's motions [Doc. 114, 3:12-CR-2-3; Doc 24, 3:12-CR-96] to the extent that the Court will request the Bureau of Prisons to give serious consideration to defendant's request to spend the last twelve (12) months of his sentence in a RRC.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE